OPINION
{¶ 1} Plaintiff James Jeter, Executor of the Estate of James Jeter, II., appeals a summary judgment in the Court of Common Pleas of Richland County, Ohio, granted in favor of appellee the United States Fidelity and Guaranty Company, on appellant's claim for underinsured motorist benefits. Appellant assigns four errors to the trial court:
 {¶ 2} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO FIND THAT JAMES A. JETER, II, PLAINTIFF-APPELLANT'S DECEDENT, WAS INSURED FOR UNINSURED MOTORISTS COVERAGE PURSUANT TO ENDORSEMENT NUMBER CA2117 1293 WHICH CONTAINS UNINSURED MOTORISTS COVERAGE WITH THE IDENTICAL LANGUAGE AS THE PROVISIONS SET FORTH IN SCOTT-PONTZER VS. LIBERTY MUTUAL FIREINS. CO. (1999) 86 OHIO St.3d 660.
 {¶ 3} "THE TRIAL COURT ERRED IN DECIDING THAT UNINSURED MOTORISTS COVERAGE DID NOT ARISE BY OPERATION OF LAW FOR THE JAMES A. JETER, II ESTATE UNDER THE LIABILITY COVERAGE PROVIDED IN THE BUSINESS AUTO COVERAGE FORM ISSUED TO THE KROGER COMPANY BY DEFENDANT-APPELLEE UNITED STATES FIDELITY AND GUARANTY COMPANY.
 {¶ 4} "THE TRIAL COURT ERRED IN FINDING THAT THE $500,000.00 SELF-FUNDED RETENTION PROVISION IN THE POLICY ISSUED FROM DEFENDANT-APPELLEE UNITED STATES FIDELITY AND GUARANTY COMPANY TO THE KROGER COMPANY RESTRICTED UNINSURED MOTORISTS COVERAGE TO AMOUNTS RECOVERABLE OVER $500,000.00.
 {¶ 5} THE TRIAL COURT ERRED IN FINDING PLAINTIFF-APPELLANT'S DAMAGES DID NOT EXCEED $500,000.00 WHEN THAT ISSUE WAS NOT BEFORE THE TRIAL COURT ON DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 6} Appellant's statement pursuant to App.R. 9 states summary judgment was inappropriate as a matter of law, and the facts are not in dispute.
 {¶ 7} The record indicates James A. Jeter, II., was killed in an automobile collision on June 28, 2000. Decedent's father, the Administrator of his estate, brought an action against the tortfeasor, decedent's personal auto insurance carrier, and the appellee herein, United States Fidelity Guaranty Company, who provided insurance for decedent's employer, the Kroger Company.
 {¶ 8} Appellant settled the claims against the tortfeasor and decedent's insurance company with prior approval of appellee USFG. These parties were dismissed from the action, and are not parties to this appeal. Two other plaintiffs were also injured in the collision which killed decedent, but their claims are settled and an appeal is not being pursued.
 {¶ 9} Upon cross motions for summary judgment, the trial court found the Kroger Company is self-insured up to $500,000, and complied with Ohio law by filing a certificate of self-insurance pursuant to R.C.4509.72. The trial court found as a result, no uninsured motorist coverage arises by operation of law for the self-funded retention, and appellant is not entitled to recover for any uninsured motorist coverage unless and until the unsatisfied damages exceed the $500,000 self-funded retention. The trial court further found appellant has come forward with no evidence regarding whether his damages exceed $500,000, and the court concluded appellant does not qualify as an insured pursuant to the USFG insurance company contract.
 {¶ 10} The trial court also found USFG furnished an excess commercial insurance policy for claims in excess of $500,000 self-insurance. The contract did not provide uninsured or underinsured motorist coverage for Ohio, but the rejection form executed by the Kroger Company is invalid because it was not signed until after the auto accident which killed decedent.
 {¶ 11} The trial court then concluded uninsured motorist coverage was implied by operation of law, and looked to the liability coverage to determine who qualifies for insurance when coverage is implied by operation of law. The court found while decedent was an employee of the Kroger Company, the liability portion required him to be in this course of scope of his employment and/or occupying an automobile owned by the Kroger Company or insured by USFG. The court concluded appellant was not entitled to UM coverage arising by operation of law.
 {¶ 12} From this decision appellant brings his appeal.
 I {¶ 13} In his first assignment of error, appellant argues the trial court was incorrect in finding decedent was not insured for uninsured motorist coverage pursuant to the contract. Appellant takes issue with the trial court's reference to the liability portion of the coverage as a guide for who was an insured under the policy.
 {¶ 14} The definition of who is an insured in the liability portion of the insurance contract states "you for any covered auto; anyone else while using it with your permission; a covered auto you own, hire, or borrow, except *** your employee if the covered auto is owned by that employee or a member of his or her household.
 {¶ 15} This court has found the language herein is sufficiently definite to defeat the ambiguity found by the Supreme Court inScott-Pontzer v. Liberty Mut. Fire Ins., 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116. See e.g., Egelton v. U.S. Fire Ins. Co.
(November 12, 2002), Stark Appellate No. 2002-CA-00157.
 {¶ 16} Appellant apparently does not disagree with the above. Instead, appellant argues we should not look to the liability portion of the insurance policy in this particular case. Appellant has offered samples of other policies appellee uses, in which appellee has a standard uninsured motorist endorsement. The endorsement language is identical to that set forth in Scott-Pontzer, supra, and appellant urges we should simply utilize the endorsement appellee would have furnished if there was an uninsured motorist endorsement in Kroger's policy.
 {¶ 17} While appellant's argument has a certain attraction, nevertheless, this court has previously looked to language of the auto liability policy to determine who is an insured when UM/UIM coverage arises by operation of law, see Szekeres v. State Farm Fire Cas.Co., Licking Appellate No. 02-CA-0004, 2002-Ohio-5989.
 {¶ 18} The first assignment of error is overruled.
 II {¶ 19} In his second assignment of error, appellant argues the trial court was incorrect in finding uninsured motorist coverage did not arise by operation of law under the business auto coverage form liability section.
 {¶ 20} Appellant argues even if we do not look to appellee's standard uninsured motorist endorsement, but rather, look to the business auto policy liability section, appellant is still an insured under the policy.
 {¶ 21} In Egelton v. U.S. Fire Insurance Company (November 12, 2002), Stark Appellate No. 2002-CA-00157, this court reviewed language identical to the language in the liability portion of appellee's policy, and found the phrasing therein was sufficiently definite to defeat the ambiguity found by the Supreme Court in Scott-Pontzer.
 {¶ 22} The second assignment of error is overruled.
 III {¶ 23} In his third assignment of error, appellant urges the trial court was incorrect in finding the $500,000 self-funded retention provision in the policy restricted uninsured motorist coverage to any amount recoverable over $500,000.
 {¶ 24} The record contains a certificate of self-insurance filed pursuant to R.C. 4509.72, which certifies the Kroger Company has been approved by a self-insurer by the financial responsibility section of the Bureau of Motor Vehicles. The certificate states the State approval begins March 28, 2001, and expires March 28, 2006.
 {¶ 25} The accident in question occurred January 28, 2000.
 {¶ 26} We find we cannot consider the certificate of self-insurance because it was not in effect at the time of the accident.
 {¶ 27} Instead, we look to endorsement MCS-90. In the recent case of Lynch v. Rob, 95 Ohio St.3d 441, 2002-Ohio-2485, 768 N.E.2d 1158, the Ohio Supreme Court explained the effect of an MCS-90 endorsement. Under the Motor Carrier Act of 1980, certain commercial motor carriers engaged in interstate commerce must register with the United States Secretary of Transportation and must comply with minimum financial responsibility requirements established by the Secretary of Transportation. The regulations require a specific endorsement form must be included in every insurance policy to satisfy the registration of the financial responsibility requirements. This form is the MCS-90 endorsement. The MCS-90 endorsement requires the insurer to indemnify the insured for any damages, subject to the underlying insurance.
 {¶ 28} The language of the MCS-90 endorsement reviewed by the Ohio Supreme Court in Lynch is substantially the same as the one at bar. TheLynch court found the MCS-90 endorsement should be read to eliminate any limiting clauses in the underlying policy restricting the scope of coverage, Lynch, at 446-447, citations deleted.
 {¶ 29} We decline to extend the holding in Lynch to encompassScott-Pontzer claims. The Lynch case is a liability action wherein the driver of the tractor-trailer was the tortfeasor. The insurer had denied coverage, stating the driver was not covered under the policy, and the Supreme Court found the insurer could not exclude the driver. The Lynch
court found the purpose of the MCS-90 clause was to protect the public by assuring the availability of insurance. The court found the U.S. Congress has mandated the trucking industry to take ultimate responsibility for persons injured by a carrier's trucking operations.
 {¶ 30} We find this rationale should not extend to the analysis done in a Scott-Pontzer case. In these cases, the injured party does not make a claim under the liability portion of the policy. Here, decedent was not injured because of his employer's trucking operations. The necessity of having insurance to protect the public injured by interstate trucking concerns is not present. There is no justification to extendLynch to these cases.
 {¶ 31} The third assignment of error is overruled.
 IV {¶ 32} In his fourth assignment of error, appellant argues the trial court was incorrect when it found appellant's damages did not exceed $500,000.
 {¶ 33} The trial court's judgment of January 28, 2003, states it is a declaratory judgment, and outlines the rights and duties of the parties. Appellant is correct in asserting it is a function of the jury to determine the amount of damages.
 {¶ 34} The trial court found there was no insurance coverage. We agree, and the issue of damages is moot.
 {¶ 35} The fourth assignment of error is overruled.
 {¶ 36} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
By Gwin, P.J., and Farmer, J., concur.